**UNITED STATES of America and Charles D. Huckabee, Revenue Officer, Internal Revenue Service, Appellees,**

v.

**Alan K. STUART and Kathryn Stuart, Appellants.**

No. 78–1551.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 28, 1978.

Decided Dec. 5, 1978.

---

Alan K. and Kathryn Stuart, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Robert E. Lindsay, Daniel E. Ross, Attys., Tax Division, Dept. of Jus-

tice, Washington, D. C., and W. H. Dillahunty, U. S. Atty. and Sandra W. Cherry, Asst. U. S. Atty., Little Rock, Ark., filed brief, for appellees.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Alan K. and Kathryn Stuart (taxpayers) appeal from the district court's[1] order directing various bank officials to comply with Internal Revenue Service (IRS) summonses for bank records pertaining to taxpayers' financial affairs. We affirm.

On March 10, 1978 IRS Special Agent Charles D. Huckabee filed the instant petitions to enforce IRS summonses against officials of three Arkansas banks. The summonses sought records relating to taxpayers' tax liability for the years 1973–1976. Taxpayers sought, and were granted, leave to intervene. By orders dated April 6, 1978 the court enforced the summonses. Taxpayers timely appealed and contend that the court erred in enforcing the summonses.

■ First, taxpayers contend that the summonses were improperly issued because there is no showing that the IRS knew of any tax liability incurred by taxpayers. There is, however, no requirement that there be any knowledge of a tax liability or probable cause to believe one exists before a summons may issue. *See, e. g., United States v. Bisceglia*, 420 U.S. 141, 146, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975); *United States v. Powell*, 379 U.S. 48, 51, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

■ Second, taxpayers argue that compelling production of the bank records violates their fifth amendment right to be free from compulsory self-incrimination. They rely on *Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 532, 29 L.Ed. 746 (1886). In *Boyd*, the Court said that "any forcible and compulsory extortion of a man's own testimony or of his private papers to be used as evidence to convict him of crime" violated the fourth and fifth amendments. *Id.* at 630, 6 S.Ct. 524. Even assuming the continued validity of *Boyd*,[2] the Supreme Court has made it clear that *Boyd* does not apply unless the summoned records are, at least, possessed by the party challenging the subpoena. *See Couch v. United States*, 409 U.S. 322, 330–31, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). Here, taxpayers did not possess the records in question.

Recent cases have made it clear that an IRS summons directed to a third-party bank does not violate the fourth amendment rights of a depositor under investigation. *See United States v. Miller*, 425 U.S. 435, 443–44, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). In addition, such a summons does not violate any fifth amendment right of a taxpayer, because it compels no testimony from him. *See Couch v. United States, supra*, 409 U.S. at 328–29, 336, 93 S.Ct. 611. *Cf. Fisher v. United States*, 425 U.S. 391, 409, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976) (subpoena served on taxpayer requiring production of accountant's workpapers; no fifth amendment violation).[3]

■ Judicial enforcement of an IRS summons is proper only if the summons is issued in good faith, before the IRS has abandoned in an institutional sense civil tax determination or collection purposes, and prior to any recommendation by the IRS to the Department of Justice for criminal prosecution. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978); *United States*

---

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

2. *But see United States v. Miller*, 425 U.S. 435, 440 n. 1, 96 S.Ct. 1622, 48 L.Ed.2d 71 (1976); *Fisher v. United States*, 425 U.S. 391, 407–09, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).

3. Taxpayers make the bald assertion that there exists a privileged fiduciary relationship between them and the banks. There is nothing in the record to indicate any such relationship.

Taxpayers further contend that they have a "proprietary interest" in the banks' records. It is clear, however, that such records belong to the banks, not the depositors. *See United States v. Miller, supra*, 425 U.S. at 440–43, 96 S.Ct. at 1622–1624.

*v. Schutterle,* 586 F.2d 1201, 1203 (8th Cir. 1978). Taxpayers do not allege that these prerequisites were not met here.

Accordingly, the order of the district court is affirmed.