**UNITED STATES of America, Appellee,**

v.

**William R. CAMPBELL, Appellant.**

**No. 79–1807.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1980.

Decided April 22, 1980.

**10.** *See* text, *ante,* at 762–763.

William R. Campbell, pro se.

Edward G. Warin, U. S. Atty. and Sally R. Johnson, Asst. U. S. Atty., Lincoln, Neb., for appellee.

Before BRIGHT, STEPHENSON, and McMILLIAN, Circuit Judges.

PER CURIAM.

William R. Campbell appeals his conviction on three counts of willfully failing to file an income tax return in violation of 26 U.S.C. § 7203 (1976). On appeal Campbell, proceeding *pro se*, contends that his conviction should be set aside (1) because the district court[1] failed to instruct the jury properly on the willfulness element of a section 7203 violation; (2) because the Internal Revenue Code is unconstitutional; and (3) because the fifth amendment relieves an individual of the obligation to file income tax returns. Campbell also contends that the district court abused its discretion in fining him and in requiring that, as a condition of probation, he file and pay income taxes.[2] We reject these contentions and affirm.

Instead of filing information concerning his income for 1974, Campbell turned his income tax Form 1040 into a protest. Campbell filed a 1974 income tax return containing his name and address, but on lines which required information concerning his income, deductions and filing status he entered fifth amendment objections. Campbell filed no 1975 or 1976 income tax returns. Thereafter the United States commenced this prosecution. At trial Campbell admitted to earning gross income in excess of $10,000 in 1974, 1975, and 1976.[3] He was therefore a person required to file a return for each year under the Internal Revenue Code. Campbell's defense at trial was that he acted out of a good faith misinterpretation of the law and therefore lacked the requisite intent to commit the criminal offenses charged. A jury found Campbell guilty on all three counts.

Campbell first argues that the district court failed to instruct the jury properly on the willfulness element of a section 7203 violation. We have carefully reviewed the district court's willfulness instruction and conclude that it correctly and adequately apprised the jury of the law.[4] *See Unit-*

---

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

2. Campbell further contends (1) that the district court lacked jurisdiction "to hear civil law in a criminal action," (2) that the district court invaded the province of the jury by instructing it in the law it should apply to the case, and (3) that his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and 26 U.S.C. § 7609 (1976) were abridged.

 We have previously rejected Campbell's first contention in an unpublished order as legally frivolous. *United States v. Campbell*, No.79–1807 (8th Cir. Nov. 16, 1979). Campbell's second contention is similarly frivolous. Finally, Campbell points to no evidence admitted by the district court which was gathered in violation of either *Miranda* or 26 U.S.C. § 7609 (1976). His third contention is therefore without merit.

3. In addition, the United States established by documentary evidence and by stipulation that Campbell earned a gross income of $18,514.43 in 1974, $14,737.29 in 1975, and $16,419.11 in 1976.

4. The district court instructed the jury on this issue as follows:

 An act is done willfully and knowingly if done voluntarily and with intent to do something the law forbids; that is to say, with the purpose either to disobey or disregard the law. It is an attitude of mind and carries with it the thought of intentional ignoring of the law or an indifference to its provisions. In order for the defendant to have committed the crime as charged in the information, you must find that the defendant's actions were willful and intentional, as distinguished from inadvertent or by mistake. If you find that the defendant failed to file an income tax return and that the failure was in good faith

ed States v. Karsky, 610 F.2d 548, 550 (8th Cir. 1979) (*per curiam*); *United States v. Ojala*, 544 F.2d 940, 946–47 (8th Cir. 1976); *United States v. Pohlman*, 522 F.2d 974, 976–77 (8th Cir. 1975) (*en banc*), *cert. denied*, 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976). *See also United States v. Pomponio*, 429 U.S. 10, 12–13, 97 S.Ct. 22, 23–24, 50 L.Ed.2d 12 (1976) (*per curiam*).

▪ Campbell next argues that the Internal Revenue Code is unconstitutional and that he therefore had no obligation to file income tax returns. This argument is frivolous. We have consistently upheld the constitutionality of federal income tax laws enacted pursuant to the sixteenth amendment. *See, e. g., Crowe v. Commissioner*, 396 F.2d 766, 767 (8th Cir. 1968) (*per curiam*).

▪ Campbell also contends that the fifth amendment relieves him of the obligation to file income tax returns. We have previously considered and rejected the claim that the fifth amendment excuses an individual from filing income tax returns. *See, e. g., United States v. Daly*, 481 F.2d 28, 30 (8th Cir.) (*per curiam*), *cert. denied*, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973).

The district court sentenced Campbell to a three-year term of imprisonment and suspended all but six months of the sentence, placing Campbell on probation for the remainder of the term.[5] As a special condition of probation, the district court required that Campbell file full, valid and timely federal income tax returns. The district court imposed a fine of $500 for each count and ordered Campbell to pay the costs of prosecution.

▪▪ Campbell argues that the district court abused its discretion in sentencing him by imposing an excessive fine. He also argues that ordering him to file income tax returns as a condition of probation violates his fifth amendment rights. Section 7203 provides a maximum penalty upon conviction of a $10,000 fine, imprisonment for one year, or both, together with the costs of prosecution. The district court imposed a sentence within the statutory limits, and acted well within its discretion in doing so. Therefore, we will not disturb the sentence on appeal. *E. g., United States v. Hawkins*, 601 F.2d 368, 369 (8th Cir.) (*per curiam*), *cert. denied*, 444 U.S. 902, 100 S.Ct. 216, 62 L.Ed.2d 140 (1979). We also reject as without merit Campbell's contention that the district court violated his fifth amendment rights by ordering him to obey the law and file valid income tax returns as a condition of probation.

We have carefully considered the issues raised by Campbell *pro se*. We find no merit in his contentions. Accordingly, we affirm.

and based upon his actual belief or good faith misunderstanding of the law or prior court decision, you should consider that in determining whether or not his failure was willful.

Willfulness and knowledge can rarely be proved directly, but they may be inferred from circumstantial evidence. The acts, omissions or words of a person may give evidence of that person's state of mind.

It is for you to determine from all the facts and circumstances in evidence whether the defendant "willfully and knowingly" did the acts charged.

5. The court recommended that Campbell be placed on work release so that he could maintain his employment during confinement.