UNITED STATES of America and Donald E. Merrill, Revenue Agent, Internal Revenue Service, Appellees,

v.

FIRST NATIONAL BANK OF THE BLACK HILLS, MT. VIEW,

Appeal of Doyle W. HESTER.

No. 80–1091.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1980.

Decided May 20, 1980.

Doyle W. Hester, pro se.

M. Carr Ferguson, Gilbert E. Andrews, Charles E. Brookhart and David I. Pincus, Attys., Tax Div., App. Section, Dept. of Justice, Washington, D.C., for appellees.

Before VOGEL, Senior Circuit Judge, and BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Taxpayer-intervenor, Doyle W. Hester, appeals from an order of the district court [1] enforcing an Internal Revenue summons. We affirm the district court.

Revenue Agent Donald E. Merrill issued an Internal Revenue summons directing Donald Koppert, the manager of the respondent First National Bank of the Black Hills, Mt. View Branch, to appear before him to testify and produce for inspection books and records necessary for the agent to determine Hester's correct federal income tax liability for the years 1976 through 1978. Hester, pursuant to 26 U.S.C. § 7609 (1976), instructed respondent bank not to comply with the summons and the government instituted proceedings in the district court to compel compliance.

The government asserted in its petition and by annexed affidavit Merrill was conducting an investigation for the purposes of establishing Hester's correct income tax liability for the years 1976 through 1978; that the information sought was not in the government's possession; and that the summoned records were necessary to determine Hester's correct income tax liability. The district court ordered respondent bank to show cause why the summons should not be enforced, and ordered Hester to file appropriate motions if he wanted to intervene. On December 13, 1979, the district court granted Hester's motion to intervene and on January 2, 1980, denied his motion to dismiss and ordered compliance. The district court granted Hester's motion to stay the summons enforcement order pending appeal on January 11, 1980, and on January 29, 1980, Hester filed a timely notice of appeal. By order of April 23, 1980, this court granted the government's motion to vacate the stay pending appeal.

On appeal Hester's claims and arguments appear to break down into (1) an attack on

---

1. The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

the constitutionality and authority of the Internal Revenue Service and the district court's in-summons proceedings, (2) claimed violation of his constitutional rights as guaranteed by the Bill of Rights and the thirteenth and fourteenth amendments, and (3) a claim the proceeding is "quasi civil/criminal" and thus unconstitutional.

The income tax is constitutional. *Crowe v. Commissioner*, 396 F.2d 766, 767 (8th Cir. 1968) (and cases cited therein). The Internal Revenue Service may summon documents and take testimony to determine tax liability under 26 U.S.C. § 7602 (1976), and the federal district courts have authority to order the summons enforced by 26 U.S.C. §§ 7402(b) and 7604(a). *See Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *United States v. Thomas*, 624 F.2d 1108, Nos. 79–1978, 79–1979 (8th Cir., 1980).

▮ With the exception of the fifth amendment right against self-incrimination, Hester does not explain the basis for invocation of the Bill of Rights other than to argue the rules of civil procedure were inapplicable and he was entitled to a hearing "under the rule of criminal procedure, which accords the citizen the full protection of the Constitution of the United States of America . . . and most particularly amendments 1, 2, 4, 5, 6, 7, 9, 10, 13, 14." This falls far short of alleging with requisite specificity any violation of his constitutional rights. And Hester's fifth amendment objection is groundless. *United States v. Willis*, 599 F.2d 684 (5th Cir. 1979). *See Couch v. United States, supra*, 409 U.S. at 328–29, 93 S.Ct. 611, 615–16, 34 L.Ed.2d 548 (1973); *United States v. Mercurio*, 418 F.2d 1213, 1218 (1969), *aff'd sub nom. Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). *Cf. United States v. Fisher*, 425 U.S. 391, 397–98, 408, 409, 96 S.Ct. 1569, 1574, 1579, 1580, 48 L.Ed.2d 39 (1976). A summons directed to a third party bank does not violate the fourth amendment rights of a depositor under investigation since the records belong to the bank, not the depositor. *See United States v. Brown*, 600 F.2d 248, 256 (10th Cir.), *cert. denied*, 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979); *United States v. Stuart*, 587 F.2d 929, 930 (8th Cir. 1978). *Cf. United States v. Miller*, 425 U.S. 435, 440–44, 96 S.Ct. 1619, 1622–24, 48 L.Ed.2d 71 (1976).

▮ Finally, Title 26 does contain both civil and criminal provisions but it is not unconstitutional for that reason. *See United ed States v. Hoffman*, 624 F.2d 1108, No. 79–2019 (1980); *United States v. Russell*, 615 F.2d 1366 (8th Cir. 1979) (unpublished order, at 2); *United States v. Campbell*, 619 F.2d 765 (8th Cir. 1979) (unpublished order).

Accordingly, because the revenue agent established a *prima facie* case for enforcement, and taxpayer failed to carry his burden under *United States v. LaSalle Nat. Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), or disprove the existence of a valid civil tax determination purpose [*see Reisman v. Caplin*, 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964)], we affirm the order of the district court.

It is so ordered.