**UNITED STATES of America, Appellee,**

**v.**

**Gisele GANAWAY, Appellant.**

**No. 80–1200.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1980.

Decided May 21, 1980.

---

4.   See 3 E. Devitt & C. Blackmar, Federal Jury Practice & Instructions § 80.09 (1977).

**700**

Joseph Ross, Little Rock, Ark., on brief, for appellant.

George W. Proctor, U. S. Atty., Terry L. Derden, Asst. U. S. Atty., and Michael Alexander, Legal Intern, Little Rock, Ark., on brief, for appellee.

Before STEPHENSON, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Gisele Ganaway appeals a judgment of revocation of probation and commitment order entered March 10, 1980 in the Eastern District of Arkansas, The Honorable Elsijane T. Roy, Judge.

In September, 1978 appellant entered her plea of guilty to a charge of forging an endorsement on a United States Savings Bond in violation of 18 U.S.C. § 495. Although appellant had a prior sentence to finish serving in a state prison, Judge Roy found that appellant, who was twenty years of age, was a fit subject for probation as a youth offender. Accordingly, imposition of sentence was suspended and appellant was placed on probation for a period of three years to commence upon her release from state prison.

By June, 1979 appellant was in trouble again. She was arrested in company of a person known to her to be a convicted felon and charged with possession of a controlled substance and with possession of a .45 caliber automatic pistol found in her purse.

A month later she was charged with robbery and two months later she fled the district according to her statement "believing that I was gonna be violated and sent to the joint." She went first to Chicago and from there to Los Angeles where she was found after several months had elapsed.

On appeal counsel suggests that the probation officer who handled the case might not have communicated adequately the conditions of probation and that appellant feared the officer and perhaps never really understood what the officer was trying to explain.

We have explored the transcript of the revocation hearing at length and find no evidence of dereliction on the part of the officer and no insufficiency of understanding on the part of appellant. While it does appear from her own statement that appellant feared revocation of probation, that same statement reflects knowledge that she had violated the terms of her probation in committing public offenses and associating with known felons.

Upon revocation the court had the option of imposing a prison sentence just as it had that option when it placed appellant on probation, *United States v. Rodgers*, 588 F.2d 651 (8th Cir. 1978). The sentence imposed was lawful and we are not inclined to disturb it, *United States v. Campbell*, 619 F.2d 765 (8th Cir., 1980).

The judgment of the district court is affirmed.