634 F.2d 1086
 80-2 USTC P 9786
 UNITED STATES of America and Robert L. Amick, Revenue Agent,
Internal Revenue Service, Appellees,
v.
CLIMBING HILL SAVINGS BANK and Dwain Loyd, President,
Harland W. French and Darlene M. French, Appellants.
 No. 80-1415.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 5, 1980.
Decided Nov. 13, 1980.
 
 Harland W. French, Darlene M. French, pro se.
 M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, Joan I. Oppenheimer, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellees; James H. Reynolds, U. S. Atty., Cedar Rapids, Iowa, of counsel.
 Before LAY, Chief Judge, HEANEY and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Internal Revenue Service issued a summons to the Climbing Hills Savings Bank of Climbing Hills, Iowa, seeking signature cards, statements, cancelled checks, papers and records for the purpose of determining the 1976 and 1977 income tax liability of taxpayers, Harland W. French and Darlene M. French. Taxpayers notified the bank not to comply and the government commenced the present enforcement proceeding pursuant to 26 U.S.C. § 7602. A magistrate conducted a hearing and concluded the government had carried its burden of showing the investigation was for the legitimate purpose of determining taxpayers' income tax liability for 1976 and 1977, the records sought were relevant to that determination, the information was not already in the government's possession, and no procedural defects existed in the manner, issuance, or service of the summons. Taxpayer Harland W. French objected on grounds enforcement would violate his fourth amendment right to be free from illegal searches and seizures and his fifth amendment right to be free from self-incrimination. The district court found the records were in the bank's possession and taxpayers would not, therefore, be compelled to incriminate themselves, and that the fifth amendment does not extend to records held by third parties. The district court held, because the records belong to the bank and not the depositors, the summons did not violate taxpayers' fourth amendment rights. Adopting the findings, conclusions, and recommendations of the magistrate the district court ordered the summons enforced but stayed enforcement proceedings pending appeal. On appeal taxpayers reassert their fourth and fifth amendment claims but do not otherwise challenge the enforcement proceedings.
 
 
 2
 The government claims taxpayers have no cognizable fifth amendment objections to enforcement of the summons because the summons sought no testimony or information from taxpayers. Citing Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); United States v. Stuart, 587 F.2d 929 (8th Cir. 1978); United States v. Moll, 602 F.2d 134 (7th Cir. 1979); United States v. Brown, 600 F.2d 248 (10th Cir.), cert. denied, 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979). See also United States v. National Bank of the Black Hills, 626 F.2d 605 (8th Cir. 1980) (and cases cited therein).
 
 
 3
 The government also contends summonses directed to third party banks do not violate the fourth amendment rights of depositors because the records belong to the banks not the depositors. Citing United States v. Miller, 425 U.S. 435, 440-44, 96 S.Ct. 1619, 1622, 48 L.Ed.2d 71 (1976); United States v. National Bank of the Black Hills, 626 F.2d 605 (8th Cir. 1980); United States v. Stuart, 587 F.2d 929 (8th Cir. 1978); United States v. Brown, 600 F.2d 248 (10th Cir.), cert. denied, 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979); Kelley v. United States, 536 F.2d 897, 898 (9th Cir. 1976), cert. denied, 429 U.S. 1047, 97 S.Ct. 756, 50 L.Ed.2d 762.
 
 
 4
 We find the above cited cases controlling. Enforcement is granted, the order of the district court granting enforcement is affirmed and the stay pending appeal is dissolved.
 
 
 5
 IT IS SO ORDERED.