665 F.2d 1044
 81-2 USTC P 9781
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd Douglas, Petitioner-Appellant
v.
Commissioner of Internal Revenue, Respondent-Appellee.
 No. 80-1439.
 United States Court of Appeals, Sixth Circuit.
 September 14, 1981.
 
 Before: ENGEL, MERRITT and KENNEDY, Circuit Judges.
 
 Order
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant appeals the decision of the United States Tax Court which determined deficiencies in appellant's Federal income tax and additions to tax under Sections 6651(a)(1) and 6653(a) of the Internal Revenue Code of 1954. During the trial of this case in the United States Tax Court, appellant refused to offer any evidence to rebut appellee's determination of his gross income, boldly claiming the Fifth Amendment privilege against self-incrimination. Thus, appellant failed to sustain the burden of proof in providing error in appellee's determination of taxable income. Welch v. Helvering, 290 U.S. 111 (1933); Mason v. Commissioner, 64 T.C. 651 (1975); Jones v. Commissioner, 29 T.C. 601 (1957).
 
 
 3
 Appellant in his brief sets forth various constitutional arguments to support the proposition that the ruling of the United States Tax Court was incorrect. It is clear beyond doubt that the constitutional arguments advanced by appellant are without merit. All of the contentions raised by appellant have been fully discussed and rejected in numerous prior opinions of this and other courts. E.g., United States v. Campbell, 619 F.2d 765 (8th Cir.1980); United States v. Wilson, 639 F.2d 500 (9th Cir.1981); United States v. Moore, 627 F.2d 830 (7th Cir.1980); United States v. Whitesel, 543 F.2d 1176 (6th Cir.), cert. denied, 431 U.S. 967 (1977); United States v. Thiel, 619 F.2d 778 (8th Cir.1980).
 
 
 4
 Appellant also claims the United States Tax Court was without jurisdiction to hear his case. This claim is without merit because appellant filed the petition which initiated the Tax Court proceedings. Thus, by his own act he submitted to the personal jurisdiction of the Tax Court. Although appellant appears to also be disputing the subject matter jurisdiction of the Tax Court, such a contention under the facts of this case is without merit.
 
 
 5
 Having carefully examined the record and briefs in this case, none of the contentions raised by appellant have been found to have merit. Since the issues upon which a determination of this cause depends appear so unsubstantial as not to need further argument, it is ORDERED that the decision of the United States Tax Court entered March 7, 1980, is affirmed for the reasons set forth in the Tax Court Memorandum 1980-66, entered March 6, 1980. Rule 9(d)3, Rules of the Sixth Circuit.