HARLAND W. FRENCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
French v. Commissioner
Docket No. 10300-84.
United States Tax Court
T.C. Memo 1986-109; 1986 Tax Ct. Memo LEXIS 497; 51 T.C.M. (CCH) 654; T.C.M. (RIA) 86109; March 20, 1986. Mark E. O'Leary and Vincent E. Mauer, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654
1978
$31,271.85
$15,635.93
$308.45
1979
33,035.01
16,517.51
593.76
1980
17,665.24
8,832.62
348.48
*498 The issues for decision are whether respondent has carried his burden of proving that any part of the underpayment of tax was due to fraud under section 6653(b) and whether the Court should award damages to the United States under section 6673. FINDINGS OF FACT Some of the facts have been stipulated are are found accordingly. [2] The stipulation of facts is incorporated herein by this reference. Petitioner resided in Moville, Iowa, at the time he filed his petition in this case. Respondent timely filed his answer in which he raised affirmative allegations of fraud. Petitioner filed a reply thereto. Petitioner did not file Federal income tax returns for the taxable years 1978, 1979, and 1980. During the years in issue, petitioner was a self-employed farmer and received farm *499 income, including patronage dividends and insurance proceeds. Petitioner failed to maintain or submit for examination by respondent complete and adequate books of account and records of his income producing activities. During each of the years in issue, petitioner maintained two checking accounts purporting to be in the name of the Life Science Church of Maple Grove. Petitioner's net taxable deposits into the checking accounts during 1978, 1979, and 1980 were $142,440.71, $241,741.40, and $141,449.88, respectively. At all times during the years in issue, petitioner maintained dominion and control over these checking accounts. Petitioner and his family paid personal living expenses by checks drawn on these checking accounts. At this time a brief review of the record in this case is appropriate, considering that petitioner has been before this Court and others previously. [3] Obviously, petitioner is not a stranger to the judicial process. In French v. Commissioner,T.C. Memo. 1981-9, affd. in an unpublished opinion 664 F.2d 294 (8th Cir. 1981), the "multitude of constitutional and statutory arguments and affirmative defenses advanced by petitioner" *500 were summarily rejected by this Court as "frivolous and without merit." Respondent filed with the Court a motion for order compelling petitioner to produce documents or to impose sanctions. The Court issued a notice, serving on petitioner a copy of respondent's motion, directing petitioner to file any objection thereto which he might have. No such objection being received, the Court by order granted respondent's *501 motion in that petitioner was directed to produce to respondent the documents requested. In said order, the Court directed that the Standing Pre-Trial Order, served on the parties together with the Notice Setting Case For Trial, be made a part of the record herein. [4]
By notice, respondent informed the Court that petitioner had failed to produce the documents requested as directed by the Court. Thereupon, the Court issued an order directing petitioner to show cause at calendar call why this case should not be dismissed for failure to comply with an order of the Court pursuant to Rule 104(c) and decision entered against petitioner. In the interim, petitioner submitted to the Court a Notice and Demand, in which he stated, "I rescended [sic] my petition to this court in this case". The Court filed that document as a motion *502 to dismiss and denied it. Thereafter, the Court issued an order directing the Clerk of the Court to return to petitioner the document the Court had received from petitioner in which petitioner related that he "chose" to "rescend" [sic] the petition he filed with the Court in this case. In this order the Court admonished petitioner that he must comply with the Rules and orders of the Court, that the document submitted was frivolous, obstructive of the Court's process, and a waste of its resources, and that having invoked the Court's jurisdiction dismissal of petitioner's case would entail a decision against petitioner in the amount of the deficiencies and additions to tax determined by respondent. Petitioner submitted a document after that entitled "Demand for Dismissal", which was filed as a motion to dismiss. In denying that motion, the Court repeated the previous admonition and reiterated to petitioner that his contention that the 16th Amendment to the Constitution of the United States had never been properly ratified had been repeatedly rejected by the Courts, had absolutely no merit, and was totally frivolous. Petitioner completely ignored all of the foregoing orders of *503 the Court. When the case was called from the calendar, there was no appearance by or on his behalf. However, the Court received another document from petitioner attacking the Court's jurisdiction and demanding dismissal, notwithstanding three previous denials of substantially similar and ludicrously frivolous motions by petitioner. Consequently, this redundant motion was denied. When petitioner failed to appear at the trial session, the Court made absolute its orders to show cause, granted respondent's motion to show cause why proposed facts in evidence should not be accepted as established and accepted as established the facts and evidence set forth in respondent's proposed stipulation of facts, and dismissed this case as to the deficiencies in Federal income tax and the additions to tax pursuant to section 6654 as set forth in the notice of deficiency. At the hearing on the Court's show cause orders, respondent motioned the Court are tenus to award damages to the United States pursuant to section 6673. Thereafter, at the request of the Court, respondent submitted a memorandum of law to support the additions to tax pursuant to section 6653(b) and the award of damages pursuant *504 to section 6673. OPINION Section 6653(b) provides in relevant part: FRAUD.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. For purposes of section 6653(b), fraud is the intentional commission of an act or acts with the specific purpose of evading a tax believed to be owing. See Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; McGee v. Commissioner,61 T.C. 249 (1973), affd. 519 F.2d 1121 (5th Cir. 1975). The existence of fraud is a question of fact to be determined from the entire record. Grosshandler v. Commissioner,75 T.C. 1 (1980); Stratton v. Commissioner,54 T.C. 255 (1970). The burden of proof rests on respondent, and he must meet that burden with clear and convincing evidence. Sec. 7454(a); Rule 142(b); see Cefalu v. Commissioner,276 F.2d 122 (5th Cir. 1960), affg. a Memorandum Opinion of this Court; Imburgia v. Commissioner,22 T.C. 1002 (1954). Fraud is never presumed, but rather *505 must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85 (1970). Deemed stipulated facts may constitute affirmative evidence for this purpose. Strachan v. Commissioner,48 T.C. 335 (1967). [5] Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492 (1943); Rowlee v. Commissioner,80 T.C. 1111 (1983); Gajewski v. Commissioner,67 T.C. 181 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). [6] Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213 (1971). *506 The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96 (1969). The statute requires only a showing that "any part" of an underpayment results from fraud. However, respondent most show fraud resulting in underpayment for each taxable year in issue. Otsuki v. Commissioner,supra.
Within the framework of the procedural and evidentiary requirements explained above, we have considered the facts deemed stipulated in this case and the reasonable inferences which can be drawn from those facts. On the basis of our consideration, we find that respondent has clearly and convincingly proved fraud for each of the years in issue for purposes of section 6653(b). We are so persuaded in light of several facts, including the following: (1) Petitioner failed to maintain and to submit for examination by respondent complete and adequate books of account and records of his income producing activities. Throughout the course of the judicial proceedings in this case, petitioner failed to cooperate and instead engaged in dilatory and obstructive conduct. Grosshandler v. Commissioner,supra. *507 (2) Petitioner attempted to use checking accounts for his use and benefit in the name of another person or entity, the Life Science Church of Maple Grove, to conceal the true extent of his financial and business transactions. Hecht v. Commissioner,16 T.C. 981 (1951); Willits v. Commissioner,36 BTA 294 (1937). (3) Petitioner did not file returns for the years in issue notwithstanding the large amount of income taxable to him and his knowledge that he was required to file returns which is evidenced by his prior appearances [7] before this Court. Gajewski v. Commissioner,supra.
Under these circumstances, we find that respondent has succeeded in proving fraud by petitioner resulting in underpayments of Federal income taxes for 1978, 1979, and 1980. Therefore, we hold that petitioner is liable for the additions to tax for fraud pursuant to section 6653(b) as determined by respondent. We now address respondent's motion for damages under section 6673. Section 6673 provides, in pertinent part: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained *508 by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * Here, petitioner throughout these proceedings raises only worn-out meritless arguments. Petitioner, of course, has every right to contest respondent's assertion of fraud. But petitioner's course of conduct convinces us that he did not petition this Court in order to challenge the fraud determination. His failure to prosecute his case coupled with the clearly frivolous arguments he advanced convinces us that petitioner's primary purpose was not to utilize this Court as a forum to litigate a genuine tax controversy but only to express his dissatisfaction with the Federal income tax system and to delay the payment of his Federal tax obligations. Petitioner has done absolutely nothing to address the merits, if any, of his case, but rather he has done everything he can to frustrate a judicial disposition of his case. From the time he filed his petition with the Court through the call of the calendar, petitioner has bombarded the Court with meaningless *509 paper denigrating the valid laws of the United States, disparaging the function of respondent, and endeavoring to frustrate and obviate the process of this Court. His consistent and continuous assertions that the Federal income tax laws are unconstitutional and invalid, accusing respondent and this Court of conspiring to fraud and asserting that this Court is acting seditiously are totally frivolous and ludicrous to the point of being asinine. If petitioner desires political redress, he should direct his endeavors to an appropriate forum, but not to the courts. All that petitioner has done since the inception of this case is to vent his dissatisfaction with the United States revenue system and to engage in harrassing, dilatory, and obfuscating tactics to frustrate the functions and responsibilities of respondent and the process of this Court. This we cannot allow, much less condone. Petitioner's incessant course of conduct convinces us that he did not petition this Court to challenge respondent's fraud determination. His continuous failure to comply with the directives and orders of this Court coupled with his total abandonment and failure to prosecute his case before this Court *510 convinces us that petitioner's purpose was not to use this Court as a forum to litigate a genuine tax controversy, but rather to air his worn out and legally wothless contentions about the illegality of the Federal income tax laws. In instances in which the addition to tax for fraud is determined by respondent, we ordinarily might be reluctant to award damages under section 6673. As above noted, a petitioner may litigate the fraud issue before this Court, and where he does so respondent has the burden of proving his determination of fraud. It is a proper function and process of this Court to adjudicate the fraud issue, and we do so without inhibition or reservation when the parties properly prosecute their case before us. Where, however, as here, petitioner flaunts and ignores the rules and orders of the Court, persists in filing consistently redundant and frivolous documents, including a repeated filing of a motion previously denied by the Court, and fails to prosecute his case by failing to appear for the calendar call, petitioner impels our conclusion that his expression of disrespect for the tax system of the United States takes priority over his presentation of the merits, *511 if any, of his case before this Court. Rather than appearing to contest the merits of the fraud addition, petitioner chose to continue his inundation of the Court and the record of this case with his trivial and totally unfounded, aberrant and unprecedented assertions. Petitioner knew better than to continue in this course as he has been before us previously. Considering that we are created by Congress to resolve legitimate disputes between taxpayers and respondent, and that Congress has authorized, indeed admonished, us to invoke section 6673 in appropriate circumstances, i.e., delaying or frivolous proceedings, it would be an abuse of our discretion not to grant respondent's motion and award damages to the United States in view of petitioner's actions and assertions here extant. Consequently, upon a review of this record, we find that this proceeding was instituted and maintained primarily for delay and that petitioner's position in this proceeding was frivolous and groundless. We accordingly award damages to the United States in the amount of $5,000.00. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Pursuant to Rule 91(f), stipulation occurred pursuant to our order accepting as established for purposes of this case the facts and evidence as set forth in respondent's proposed stipulation of facts.↩
3. This Court has previously granted summary judgment for respondent and dismissal for failure to state a claim upon which relief can be granted in cases involving petitioner herein. French v. Commissioner,T.C. Memo. 1981-9, affd. in an unpublished opinion 664 F.2d 294 (8th Cir. 1981), and French v. Commissioner, an unpublished opinion (Docket No. 8819-82, dated July 29, 1982). In our unpublished opinion, we held petitioner in default and entered deficiencies and additions to tax under sec. 6653(b) against him. In addition, petitioner has been a party in two summons actions. United States v. Climbing Hill Savings Bank,634 F.2d 1086 (8th Cir. 1980); United States v. French,567 F.2d 351↩ (8th Cir. 1978).
4. The Court's Standing Pre-Trial Order, among other things, directed the parties to meet at least 60 days prior to the Court's call of the trial calendar for the purpose of stipulating facts and settlement negotiations. The parties also were directed therein to submit to the Court a case status report at least 30 days prior to the call of the calendar.↩
5. See Mann v. Commissioner,T.C. Memo. 1982-662; Costello v. Commissioner,T.C. Memo. 1976-399. Most often, respondent seeks to meet his burden at a trial where the facts are established by testimony of witnesses and the introduction of documentary evidence. However, in a number of cases, the facts necessary to carry such burden have been established through the pleadings of the parties, motions filed, and orders entered with respect thereto. Facts and evidence deemed established under Rule 91(f)--as has been done in this case--have been held to present clear and convincing evidence of fraud. Costello v. Commissioner,supra;Strachan v. Commissioner,48 T.C. 335 (1967). See also Marshall v. Commissioner,85 T.C. 267 (1985); Doncaster v. Commissioner,77 T.C. 334 (1981); Gilday v. Commissioner,62 T.C. 260 (1974); Morris v. Commissioner,30 T.C. 928↩ (1958), where the facts pleaded in respondent's answers were deemed admitted in proceedings under Rule 37(c) and its predecessor, Rule 18(c), and where such admitted facts were held to establish fraud by clear and convincing evidence.
6. See Hagerty v. Commissioner,T.C. Memo. 1981-234↩.
7. See note 3, supra.↩