G. Douglas Strachan and Helen Strachan, Petitioners *v.* Commissioner of Internal Revenue, Respondent

Docket No. 90372. Filed June 16, 1967.

*Leo A. McLaughlin*, for the respondent.

BRUCE, *Judge:* Respondent determined deficiencies in income tax and additions to tax pursuant to section 6653(b) of the Internal Revenue Code of 1954 for fraud, as follows:

| Taxable year | Deficiency | Addition to tax |
|---|---|---|
| 1955 | $3,505.82 | $1,752.91 |
| 1956 | 7,307.08 | 3,653.54 |
| 1957 | 11,750.67 | 5,875.34 |
| 1958 | 3,336.46 | 1,668.23 |

Petitioners did not appear at the trial and G. Douglas Strachan has requested dismissal. The sole issue is whether some part of the deficiency in each year was due to fraud.

### FINDINGS OF FACT

Petitioners, husband and wife, filed joint Federal income tax returns for the calendar years 1955 through 1958 with the district director of internal revenue at San Francisco, Calif. G. Douglas Strachan, also known as Gordon Douglas Strachan, will be referred to as the petitioner.

During the taxable years 1955 through 1958 petitioner was engaged in an export business known as Strachan Machinery Co., a sole proprietorship, in which he was acting as purchasing agent of machinery for companies in foreign countries, and as a distributor of bathroom fixtures. In 1955 he was also engaged in a joint venture with another person to develop a tungsten mine in California, known as the Bear Mine. The mining venture was abandoned by petitioner in June 1955. In that year the mine was operated at a loss, and petitioner claimed a loss of $861.87 on the return for 1955 on that account.

The joint returns for 1955 through 1958 were prepared on an accrual basis by a public accountant, who died in 1959.

The basic records of Strachan Machinery Co. and the Bear Mine venture were a check register, statements of alleged business expenditures, and a cash diary supporting such expenditures. Checks and check stubs were prepared by petitioner or under his supervision. The records were turned over from time to time to the accountant who entered the information on cash journals and profit and loss statements, and later prepared the income tax returns. Petitioner supplied the accountant with cash summary sheets describing the items purportedly paid and showing which accounts should be charged. In 1955 a number of payments made for personal expenses, household equipment, or personal insurance bills were listed as charges to business expenses such as "tools," "insurance," "repairs," "office expenses," or "supplies." Personal telephone charges were treated as business expenses. Several

checks cashed at gambling casinos in Reno, Nev., were charged to business expenses as "travel," "supplies," "equipment," or "contract services." For the year 1955 petitioner claimed expenditures of $2,692.35 of such funds as for business purposes and they were so deducted on the tax return. Petitioner did not substantiate any of these claimed expenses for 1955.

The same practice of charging personal expenses as business expenses was continued in 1956, 1957, and 1958. In 1956 a number of checks cashed were charged to "Bear Mine Development" long after the venture had been abandoned. In 1956, 1957, and 1958 petitioner charged as business expenses payments for golf equipment, country club expenses, insurance on cars of son and wife, painting the house, and purchases of refrigerator and dryer and family clothing.

The petitioners' income tax return for 1955 reported income from Strachan Machinery Co. as follows (condensed) :

| | |
|---|---|
| Gross sales | $183,608.36 |
| Cost of sales | 166,281.88 |
| Expenses | 11,926.88 |
| Net profit | 5,399.60 |

The return reported adjusted gross income of $4,537.73, no taxable income, and self-employment tax of $126.

Respondent determined that business income for 1955 was understated by $12,834.21, disallowed $801.67 of the claimed loss on the Bear Mine development, and reduced the claimed allowance for depreciation.

Respondent determined that business income was understated in the years 1956, 1957, and 1958, reduced the amount claimed for depreciation, and disallowed an amount claimed for Bear Mine development in 1956.

On or about March 28, 1962, a grand jury at San Franscisco returned an indictment in the U.S. District Court for the Northern District of California, Southern Division, charging that Gordon Douglas Strachan did willfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him and his wife to the United States for each of the years 1955 through 1958 by filing a false and fradulent return in violation of section 7201 of the 1954 Internal Revenue Code. Petitioner entered a plea of not guilty to the charges. In December 1963 after a trial on the merits the jury acquitted petitioner of the charges for the year 1955 and were unable to agree on the counts for the later years. In March 1964 after a second trial on the merits, the jury found petitioner guilty on the counts for the years 1956, 1957, and 1958. In April 1964 the court entered judgment of guilt and conviction, imposed a fine of $1,500 and a sentence of imprison-

ment for 6 months. The judgment was modified in June 1964 to reduce the term of imprisonment to 3 months. No appeal has been taken therefrom. The judgment has become final and binding on the petitioner.

Respondent's determination of deficiencies in income tax for 1955, 1956, 1957, and 1958 has not been shown to be erroneous and is sustained. At least a part of the deficiency for each of such years was due to fraud.

## OPINION

The petitioner G. Douglas Strachan was indicted and tried on charges of attempted evasion of Federal income taxes for the years here in issue—1955, 1956, 1957, and 1958. He was acquitted on the charges as to the year 1955, but was convicted and sentenced on the charges for 1956, 1957, and 1958. Thereafter respondent, pursuant to leave granted by this Court, amended the answer to the petition herein, reciting the facts of the indictment and conviction, and alleging that the petitioner G. Douglas Strachan is thereby estopped to deny that he is liable for the addition to tax imposed by section 6653(b) for the taxable years 1956, 1957, and 1958.

Respondent also moved for an order to show cause as provided in Rule 31(*b*)(5) of the Court's Rules of Practice. The motion was granted and the Court ordered that petitioners show cause why the facts and evidence recited in respondent's proposed stipulation of facts should not be accepted as established for the purposes of this case. Neither petitioner appeared in person or by counsel at the trial of the case. The order to show cause was made absolute and the facts and evidence recited in such stipulation were accepted as established for purposes of this case.

Petitioner G. Douglas Strachan has requested that the petition herein be dismissed. Also, respondent moved, on the ground of lack of prosecution, that the Court enter judgment against the petitioners for the deficiencies as determined in the statutory notice. The respondent's motion is granted and decision will be entered accordingly for the deficiencies in tax as so determined.

There remains for decision the issue of the additions to tax for fraud, as to which the respondent has the burden of proof.

Respondent introduced evidence by a revenue agent and a special agent relating to their examination of the books and records of Strachan's business activities, showing that the petitioner frequently charged personal and family expenditures to his business as business expenses, that a number of checks were cashed and charged against the Bear Mine operation after it was abandoned in June 1955, and that petitioner supplied his accountant with instructions for charging as business expenses items which investigation revealed were personal

or family expenses. This practice was followed in 1955 and also in the later years here in issue. The respondent's proposed stipulation of facts, which, by order of this Court described above, is accepted as established for purposes of this case, describes in detail some 20 or more items of personal expenses paid in 1955 by business checks and charged as business expenses, as well as a number of checks for cash negotiated at gambling casinos in Reno, Nev., and charged to business expenses or cost of equipment in 1955. The same practice was continued in the years 1956, 1957, and 1958. The foregoing facts are adequate to prove that at least a part of the deficiency for each of the years before us was due to fraud. Accordingly, the additions to tax for fraud are sustained.

Furthermore, the conviction of Strachan for willful attempted evasion of income taxes for such years in violation of section 7201 necessarily carries with it the ultimate factual determination that a part of the deficiencies for each of those years was due to fraud within the purview of section 6653(b). *John W. Amos*, 43 T.C. 50 (1964), affd. 360 F. 2d 358 (C.A. 4, 1965).

*Decision will be entered for the respondent.*