GEORGE R. BACHMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bachman v. Commissioner
Docket No. 5689-72.
United States Tax Court
T.C. Memo 1980-517; 1980 Tax Ct. Memo LEXIS 66; 41 T.C.M. (CCH) 397; T.C.M. (RIA) 80517; November 24, 1980, Filed Michael R. Morris, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Addition to Tax
Year
Deficiency
Sec. 6653 (b) [1]
1965
$ 3,411.73
$1,705.86
1966
2,486.85
1,243.42
1967
19,206.92
9,603.46
1968
2,635.92
1,317.96
This case is before the Court on respondent's motion for summary judgment under Rule 121, Tax Court Rules of Practice and Procedure. At issue are (1) whether respondent's determination of deficiencies should be sustained and (2) whether respondent has established by clear and convincing *67 evidence that part of the underpayment of income tax for each of the years 1965 through 1968 was due to petitioner's fraud with intent to evade tax. On June 27, 1980, the Court mailed to petitioner at his last known address a notice setting this case for trial on October 6, 1980, at Los Angeles, California. On May 7, 1980 and July 23, 1980, respondent served on petitioner identical requests for admissions. These were mailed to him at the address provided by petitioner during the course of settlement negotiations with respondent and to the address shown in the Court's file. Petitioner failed to respond to the requests for admissions. Therefore, the facts set forth therein are deemed established for the purposes of this case. See Rules 90 and 104(c)(1), Tax Court Rules of Practice and Procedure; Saba v. Commissioner, T.C. Memo. 1979-397. When the case was called for trial there was no appearance by or on behalf of the petitioner. Respondent then filed his motion for summary judgment and chose to submit the case on the pleadings and the facts deemed admitted. FINDINGS OF FACT George R. Bachman (petitioner) was an inmate at the United States Penitentiary, *68 Lewisburg, Pennsylvania, when he filed his petition in this case. Prior to his incarceration there he was a resident of Mentor, Ohio. Subsequently he moved to California. For the taxable years 1965 and 1966 the petitioner filed joint Federal income tax returns with Helen Bachman, who was then his wife. The returns reported gross income as follows: Year
Amount
1965
$3,904.18
1966
4,280.25
Petitioner failed to file Federal income tax returns for the years 1967 and 1968. During the years 1965 through 1968 the petitioner was engaged in income-producing activities involving the fraudulent issuance and use of credit cards. He received income from the use of credit cards cards as follows: Company and
Account No.
1965
1966
1967
1968
American Express Co.
#040-906-330-Z
0
$ 9,596.74
0
0
Avis Rent-A-Car
#740-0159558-3
0
0
$ 606.50
0
Bank Americard
#443-550-137-851
0
0
0
$ 7,099.32
City National Bank
#443-110-080-134
0
0
359.07
0
Cities Service Oil Co.
#190-216-762 and 240.14
0
0
0
#190-105-395
0
0
1,855.08
27.00
Clark Oil Co.
#248-306
0
0
0
990.02
Atlantic-Richfield Co.
#186-224
2,432.97
0
0
0
Sinclair Refining Co
#70-050-425-1
0
0
$ 1,768.71
$ 1,390.77
Diners Club, Inc.
#2424-8506-8
$ 816.36
0
0
0
Gulf Oil Company
#460-384-738
(#116-038-473-9)
1,698.89
0
0
0
#131-036-880-6
0
0
5,255.40
83.70
Halle Brothers Co.
861.86
0
0
0
Higbee Company
903.57
0
0
0
Hertz Corporation
#5357-581
0
$ 755.96
342.03
0
#5271-334
0
0
589.75
0
Other
0
0
573.66
0
J.C. Penney Co., Inc.
#060-133-499-8
0
940.13
0
277.03
#069-332-768-6
0
0
1,531.78
0
Marathon Oil Co.
#12-530-67-209
916.77
0
0
0
#10-440-24-105
0
0
1,392.18
0
Mobil Oil Corporation
#882-034-509-1
792.84
0
0
0
#885-031-773-9
0
0
26.64
0
#882-031-868-4
0
0
6,291.04
16.41
#885-033-276-1
0
0
3,167.02
572.05
#885-033-921-7
0
0
0
3.40
Montgomery Ward
#1832-R2 C 967
0
0
310.96
0
Phillips Petroleum Co.
#B23-001-574-2
575.82
0
0
0
Playboy Clubs,
International, Inc.
#311-74402
0
236.00
0
0
Shell Oil Company
#241-136-639
$ 374.84
0
0
0
Shell Canada, Ltd.
#583-001-376
0
0
$ 4,509.55
0
Skelly Oil Company
#01-69376-001
0
0
14,815.13
0
Tenneco Oil Company
#206-048-699-6
0
0
158.00
0
Texaco, Inc.
#38-800-7606-6
0
0
2,830.05
$ 1,396.03
Other
585.01
0
0
0
Trans World Airlines, Inc.
#152-876-330-1
0
0
163.17
0
The May Company
1,563.35
0
0
0
Sears, Roebuck & Co.
442.98
$ 61.52
0
0
Sun Oil Company
#205-0779106
4,060.54
0
0
0
Total Credit
Card Income
$16,265.94
$11,590.35
$46,545.72
$11,855.73
*69 During the years 1965 and 1966 the petitioner and his former wife received the following income from commissions: Company
Payee
1965
1966
Great Books of
George Bachman
$3,904.18
$1,669,26
The Western World
Relaxacizor, Inc.
Helen Bachman
0
2,526.54
In 1968 the petitioner received commission income from Filter Queen of Cleveland, Inc. in the amount of $1,521.50. Petitioner failed to maintain complete and adequate books and records of his income-producing activities during the years 1965 through 1968, as required by the applicable provisions of the Internal Revenue Code and the regulations promulgated thereunder. Petitioner and his former wife understated their taxable income for the years 1965 and 1966 in the amounts of $11,665.94 and $6,905.90, respectively. They understated their income tax liabilities for 1965 and 1966 in the amounts of $3,411.73 and $2,486.85, respectively. Petitioner received taxable income for 1967 and 1968 in the amounts of $43,645.72 and $9,277.33, respectively. The income taxes due and owing by the petitioner for 1967 and 1968 were $19,206.92 and $2,635.92, respectively. ULTIMATE FINDINGS OF FACT 1. Petitioner *70 fraudulently and with intent to evade tax omitted taxable income from his 1965 and 1966 Federal income tax returns. 2. Petitioner's failure to file Federal income tax returns and to report his correct taxable income for the years 1967 and 1968 was due to fraud with intent to evade tax. 3. A part of the underpayment of income tax for each of the years 1965 through 1968 was due to petitioner's fraud with intent to evade tax. OPINION The findings of fact set forth herein are based on respondent's requests for admissions to which the petitioner has not responded. Accordingly, the facts have been deemed admitted. Freedson v. Commissioner, 65 T.C. 333 (1975). Respondent's determination of the deficiencies is presumptively correct. Petitioner has the burden of proof with respect to the deficiencies. He has offered none. Therefore, we sustain respondent's determination. The burden of proof as to fraud is on the respondent and he must carry his burden by clear and convincing evidence. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. He must show that the taxpayer intended to evade taxes which he knew or believed he owed, by conduct *71 intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner, 26 T.C. 107, 112-113 (1956). The presence or absence of fraud is a factual question to be determined by an examination of the entire record. Mensik v. Commissioner, 328 F.2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962), cert. denied 379 U.S. 827 (1964); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). Since fraud can seldom be established by direct proof of intention, the taxpayer's entire course of conduct can often be relied on to establish circumstantially such fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, supra at 105-106. Usually respondent seeks to meet his burden at a trial where the facts are established by testimony of witnesses and the introduction of documentary *72 evidence. However, in a number of cases, he has sought to carry his burden of proof by relying on facts deemed admitted in accordance with the Rules of this Court. In Strachan v. Commissioner, 48 T.C. 335 (1967), the Court held that the Commissioner had proved fraud by clear and convincing evidence when he relied upon facts deemed admitted under the predecessor of Rule 91(f); and in Gilday v. Commissioner, 62 T.C. 260 (1974), the Court held that the Commissioner had proved fraud based on facts deemed admitted under Rule 37(c). Here he has chosen to rely on facts deemed established by his requests for admissions. In our judgment the facts and evidence deemed established in this case are sufficient to carry the respondent's burden. Petitioner did not file returns for 1967 and 1968, although he had sufficient income in each of the years to require the filing of a return. Nor did he pay any portion of his tax liability for such years. While willful failure to file a timely return, without more, does not establish fraud within the meaning of section 6653(b), such failure may properly be considered in connection with other facts in determining whether *73 any underpayment of tax is due to fraud. Beaver v. Commissioner, 55 T.C. 85, 93 (1970). Petitioner was a knowledgeable businessman who was aware of his obligation to file returns, and his failure to do so constituted a willful attempt to evade tax. Beaver v. Commissioner, supra.
Petitioner substantially understated his income for all of the years involved. The consistent understatements of substantial amounts of income over several years are, standing alone, persuasive evidence of fraudulent intent. United States v. Calderon, 348 U.S. 160 (1954); Schwarzkopf v. Commissioner, 246 F.2d 731 (3d Cir. 1957), affirming a Memorandum Opinion of this Court; Arlette Coat Co. v. Commissioner, 14 T.C. 751 (1950). Finally, the petitioner failed to keep adequate books and records of his income-producing activities. Lollis v. Commissioner, 595 F.2d 1189 (9th Cir. 1979); Otsuki v. Commissioner, 53 T.C. 96 (1969). Accordingly, we have found and hold that the understatements of tax for each of the years in issue were due to the petitioner's fraud. Therefore, we sustain *74 the additions to tax under section 6653(b). In view of these facts and circumstances the respondent's motion for summary judgment will be granted, and An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩