MARCI DUDLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dudley v. Commissioner
Docket No. 330-80.
United States Tax Court
T.C. Memo 1982-462; 1982 Tax Ct. Memo LEXIS 283; 44 T.C.M. (CCH) 763; T.C.M. (RIA) 82462; August 9, 1982. Charles E. Williams and Marshall W. Taylor, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel pursuant to section 7456(c) of the Internal Revenue Code *284 of 1954, [1] as amended, for hearing on respondent's motion for summary judgment under Rule 121 of this Court's Rules of Practice and Procedure. Subsequent to the hearing, the case was reassigned to Special Trial Judge Randolph F. Caldwell, Jr. The Court agrees with and adopts the opinion of Special Trial Judge Caldwell which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment. Respondent determined deficiencies in petitioner's income taxes, additions to tax for fraud under sec. 6653(b), and additions to tax for underpayment of estimated tax under sec. 6654, for years and in amounts as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1968
$1,765
$883
$56
1969
2,947
1,474
94
1970
4,566
2,283
146
1971
6,110
3,055
196
1972
8,547
4,274
274
1973
12,700
6,350
406
1974
10,293
5,147
329
On January 5, 1981, respondent filed with the Court his request for admissions, a copy of which he *285 had previously served upon petitioner on December 30, 1980. Petitioner has never filed a response to the request for admissions. Consequently, each matter contained in the request is deemed admitted. Rule 90(c). Freedson v. Commissioner,65 T.C. 333 (1975). Thereafter, respondent filed his motion for summary judgment under Rule 121 of this Court's Rules of Practice and Procedure, which was duly noticed for hearing. At the hearing, respondent appeared by his counsel, but there was no appearance by or on behalf of petitioner, nor had she filed any response to the motion. At the conclusion of the hearing, the motion was taken under advisement. FINDINGS OF FACT [2]
Petitioner resided in Los Angeles, California, when she filed her petition in this case. During the taxable years here involved, 1968 through 1974, inclusive (hereinafter, for convenience, referred to simply as the "taxable years"), petitioner was engaged in the business of operating as a sole proprietor, a bookkeeping and income tax return preparation *286 service, and held herself out to the public as one knowledgeable about bookkeeping and income tax return preparation. The proprietorship generated regular and recurring receipts of gross income to petitioner in each of the taxable years, which amounts were in excess of the minimum filing requirements. Petitioner did not file a return for any of the taxable years. She knew of the requirement imposed upon her by law to file returns for those years. The following table shows petitioner's correct taxable income, her earnings subject to self-employment tax, her income tax liability, and her liability for self-employment tax for each of the taxable years. Taxable
Earnings for Self-
Income Tax
Self-Employment
Year
Income
Employment Tax
Liability
Tax Liability
1968
$6,240
$7,600
$1,279
$486
1969
10,000
7,800
2,409
538
1970
14,975
7,800
4,028
538
1971
20,775
7,800
5,525
585
1972
26,627
9,000
7,872
675
1973
35,092
10,800
11,836
864
1974
29,688
13,200
9,250
1,043
No part of petitioner's income and self-employment tax liabilities for any of the taxable years has been paid. For each of the taxable years petitioner *287 was required to file a declaration of estimated tax and make required installment payments of estimated income and self-employment taxes. Petitioner did not file the required declaration or make the required installment payments for any of the taxable years. Petitioner has no books of account reflecting income and expense of her proprietorship for any of the taxable years. Petitioner knew of the requirement imposed upon her by law to maintain adequate books of account to permit determination of her income and self-employment tax liabilities. Petitioner dealt primarily in cash in the operation of her proprietorship throughout the taxable years. She maintained no savings bank account in any of the taxable years. She maintained no checking account for any of the years 1968 through 1972. During some portion of 1973, petitioner did maintain a checking account, but she did not deposit all of the gross receipts from her sole proprietorship for 1973 in that account. In 1974, she shared the use of a checking account with her sister. During the course of the audit, petitioner falsely represented to agents of the respondent that she had filed income tax returns for all of the taxable *288 years. Petitioner submitted to respondent's agents duplicate copies of what purported to be her returns for 1968, 1972, 1973, and 1974. As found above, petitioner did not file a return for any of those years. Petitioner falsely represented to agents of the respondent that the amounts shown to be due on those purported duplicate copies of her returns had been paid. OPINION There are four questions to be decided: (1) petitioner's liability for the deficiencies; (2) her liability for the additions to tax under sec. 6654; (3) her liability for additions to tax under sec. 6653(b); and (4) whether assessment and collection of tax for the taxable years are barred by the statute of limitations under sec. 6501. Turning first to the deficiencies and additions to tax for underpayment of estimated tax under sec. 6654, the determinations of the respondent are presumed to be correct and the burden of proving error in those determinations is upon petitioner. Rule 142(a) of this Court's Rules. The correctness of the deficiencies stands admitted. Petitioner's liability for filing declarations of estimated tax and making installment payments of estimated tax likewise stands admitted. The *289 amounts of the determined additions to tax under sec. 6654 for petitioner's failure to file declarations and to make installment payments, as detailed in the computations attached to the notice of deficiency, are correct.Accordingly, respondent's determinations of the deficiencies and additions to tax under sec. 6654, for all the taxable years, should be sustained. Turning next to the additions to tax for fraud under sec. 6653(b), the burden of proof is upon respondent to prove by clear and convincing evidence that a part of the underpayments of tax is due to fraud. Rule 142(b). In the recent case of Bachman v. Commissioner,T.C. Memo. 1980-517, this Court stated: Usually respondent seeks to meet his burden at a trial where the facts are established by testimony of witnesses and the introduction of documentary evidence. However, in a number of cases, he has sought to carry his burden of proof by relying on facts deemed admitted in accordance with the Rules of this Court.In Strachan v. Commissioner,48 T.C. 335 (1967), the Court held that the Commissioner had proved fraud by clear and convincing evidence when he relied upon facts deemed admitted *290 under the predecessor of Rule 91(f); and in Gilday v. Commissioner,62 T.C. 260 (1974), the Court held that the Commissioner had proved fraud based on facts deemed admitted under Rule 37(c). Here he has chosen to rely on facts deemed established by his requests for admissions. In the present case it is believed that the facts and evidence established by the matters deemed admitted are sufficient to carry respondent's burden. Petitioner did not file returns for any of the seven taxable years here involved, although she had sufficient income for each year to require the filing of a return; and she did not pay any portion of her tax liability for any year, although she was fully aware of her obligations to file returns and pay taxes. It needs to be borne in mind that petitioner's business involved her in preparing income tax returns for others. Despite the fact that her proprietorship furnished bookkeeping service to others, she did not maintain any books of account for her proprietorship. Petitioner dealt primarily in cash, thereby avoiding the use of bank accounts which would permit accurate reconstruction of her receipts and disbursements. Further, petitioner *291 attempted to deceive respondent's agents by false representations that she had filed returns and paid her taxes. She supplied the agent copies of filled-in Forms 1040 for 1968, 1972, 1973, and 1974 and falsely represented that those forms were her retained copies of returns which had been filed. These circumstantial badges of fraud fully establish that the underpayments were due to fraud. See Bachman v. Commissioner,supra, and the cases cited therein. Respondent should be sustained in his determination that petitioner is liable for additions to tax under sec. 6653(b) for each of the years. Finally, there is the question of whether assessment and collection are barred by the statute of limitations. Sec. 6501(a) provides the general rule that the tax must be assessed within three years after the return was filed. Sec. 6501(c)(3) provides for an exception to the rule where there has been no return filed, in which event assessment may be made at any time. Petitioner did not file a return for any of the taxable years, and consequently the bar of the statute is lifted. There being no genuine issue as to any material fact and respondent being entitled to *292 prevail on each of the issues, his motion for summary judgment should be granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. The findings of fact are based upon the matters contained in respondent's request for admissions, which have been deemed to be admitted.↩