ARTHUR F. KINNANE, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kinnane v. Commissioner
Docket No. 16331-81.
United States Tax Court
T.C. Memo 1984-221; 1984 Tax Ct. Memo LEXIS 459; 47 T.C.M. (CCH) 1701; T.C.M. (RIA) 84221; April 25, 1984. Frank W. Louis, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654(a)
1976
$2,762.00
$1,381.00
$61.00
1977
2,689.00
1,345.00
96.00
1978
2,704.00
1,352.00
104.00
1979
2,508.00
1,254.00
86.00
*460 When this case was called for trial on March 25, 1983, at Hartford, Connecticut, no appearance was made by or on behalf of petitioner. Respondent's oral motion to dismiss for failure to properly prosecute was subsequently granted as to the deficiencies and the additions under section 6654(a). Thus, the sole issue remaining for decision is whether additions for fraud under section 6653(b) are proper. [2]
Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Bethel, Connecticut, when he filed his petition in this case. For 1976 and 1977, petitioner filed Forms 1040A with the Internal Revenue *461 Service. On these forms, petitioner supplied his name, address, occupation, and signature. He did not furnish his social security number, however, writing "lost" in the appropriate space on his 1976 form, and leaving the space blank on his 1977 form. On his 1976 form, petitioner checked "single" as his filing status and reported zero exemptions. Filing status and exemption information were left blank on the form for 1977. Petitioner reported his income as "under $740.00" for 1976 and as zero for 1977. His marginal and attached notes raised numerous constitutional objections, including references to the 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th and 16th Amendments. Petitioner also noted on his forms that he did not receive any "constitutional dollars." Furthermore, he asserted: "I do not understand this return nor the laws that may apply to me." Petitioner attached no Forms W-2 to the Forms 1040A submitted for 1976 and 1977. He filed no Federal income tax returns for 1978 or 1979. Petitioner eas employed by the Bunker Ramo Corporation ("Bunker Ramo") from December 28, 1970, through the taxable years in issue. For each of the years in issue, Bunker Ramo issued Forms W-2 to *462 petitioner, showing respective wages of $16,216.04 for 1976, $15,689.72 for 1977, $15,823.26 for 1978, and $15,626.13 for 1979. In addition, petitioner maintained an account at a Bunker Ramo employee's credit union during 1976 and 1977. This account earned interest in the amounts of $30.91 during 1976 and $64.08 during 1977. Federal income taxes totalling $892.19 were withheld from petitioner's salary during 1976, No taxes were withheld during 1977, 1978, or 1979. The payroll records of Bunker Ramo indicate that on April 5, 1976, petitioner filed a statement with his employer claiming single filing status and 99 exemptions for purposes of determining the amount to be withheld from his wages. These records further indicate that petitioner's withholding status as of January 14, 1979, was single with 99 exemptions. On a Form W-4 filed by petitioner with Bunker Ramo dated April 4, 1976, he claimed exempt status. Prior to the years in issue, petitioner had properly filed Federal income tax returns for 1971, 1972, 1973, and 1975. [3] On these returns, wages from Bunker Ramo were reported as gross income, as was interest for 1972. On his 1971, 1972, and 1973 returns, petitioner reported *463 his filing status as married, filing jointly, and he claimed two exemptions. On his 1975 return, he reported his filing status as single, and he claimed one exemption. Section 6653(b) provides in relevant part: (1) IN GENERAL. -- If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment * * * For purposes of section 6653(b), fraud is the intentional commission of an act or acts with the specific purpose of evading a tax believed to be owing. See Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; McGee v. Commissioner,61 T.C. 249 (1973), affd. 519 F.2d 1121 (5th Cir. 1975); Strachan v. Commissioner,48 T.C. 335 (1967). Respondent bears the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. The existence of fraud is a question of fact to *464 be determined from the entire record. Grosshandler v. Commissioner,75 T.C. 1 (1980); Strattan v. Commissioner,54 T.C. 255 (1970). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85 (1970). However, because direct evidence of fraud is rarely available, respondent may prove fraudulent intent by implications of circumstantial evidence. Spies v. United States,317 U.S. 492 (1943); Rowlee v. Commissioner,80 T.C. 1111 (1983); Stone v. Commissioner,56 T.C. 213 (1971). Within the framework of the procedural and evidentiary requirements explained above, we have considered the facts of the instant case and the reasonable inferences which can be drawn from those facts. We find that petitioner omitted known items of income, including wages and interest, from his returns for 1976 and 1977. He did so despite having received Forms W-2 from Bunker Ramo informing him of reportable wage income. A pattern of substantial underreporting of income is an example of circumstantial evidence that demonstrates fraudulent intent. Schroeder v. Commissioner,291 F.2d 649 (8th Cir. 1961), *465 affg. a Memorandum Opinion of this Court. For 1978 and 1979, petitioner failed to file any returns at all. We recognize that the failure to file returns, standing alone, does not constitute fraud. Stoltzfus v. United States,398 F.2d 1002 (3d Cir. 1968); Beaver v. Commissioner,supra.However, when viewed in connection with petitioner's other actions, petitioner's failure to file supports our conclusion of fraudulent intent. Petitioner was familiar with the mechanics of reporting and payment, having filed proper returns for earlier years. Petitioner's basic tax situation, i.e., the reporting of salary income earned from Bunker Ramo, did not change between earlier years and the years in issue. Thus, there was nothing unusual or confusing about reporting or payment requirements for 1976 and 1979. All petitioner need have done was to continue reporting income and paying tax as in prior years. Instead, petitioner embarked on a scheme to deliberately and fraudulently avoid the payment of taxes which he knew to be owing. Not only did petitioner cease reporting his wages and other receipts as income, but he buttressed his evasionary plan by changing *466 the withholding information supplied to his employer. His claim of 99 exemptions was false, the evidence shows that petitioner was entitled to only one exemption, as he himself reported on his last proper return, filed for 1975. Petitioner's subsequent claim of exempt status was equally false; petitioner has offered no evidence to suggest any entitlement to exempt status, and our upholding of the deficiencies in the instant case belies such claim. In sum and substance, petitioner fraudulently evaded the payment of taxes he knew to be owing by failing to report items of taxable income. He abetted his fraudulent scheme by falsely adjusting his withholding amounts to support his planned tax evasion. On the basis of our consideration of the above facts and their implications, we find that respondent has clearly and convincingly proved fraud for all years in issue for purposes of section 6653(b). To reflect the foregoing, A decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
2. In the alternative, if additions under section 6653(b) are not upheld, respondent requests additions under sections 6651(a) and 6653(a) for failure to file returns and for negligence, respectively. This Court has previously granted respondent's motion to amend the pleadings to conform to the proof offered with respect to these additions. However, in light of our decision herein, there is no need for consideration of these alternative additions to tax.↩
3. The record contains no information as to petitioner's 1974 return. This omission, however, does not affect our decision herein.↩