REGIN ELLIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ellis v. Commissioner
Docket Nos. 34504-84, 3805-85.
United States Tax Court
T.C. Memo 1986-386; 1986 Tax Ct. Memo LEXIS 222; 52 T.C.M. (CCH) 223; T.C.M. (RIA) 86386; August 19, 1986. Peter *223 R. Stromer, for the petitioner. Donald Schwartz and Rhonda Barry, (specially recognized), for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: In these consolidated cases, respondent determined deficiencies of income tax and additions to tax against petitioner as follows: Additions to Tax [1]
Year
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6653(b)
§ 6654(a)
1980
$5,631.03
$2,815.52
$377.59
1981
6,831.00
3,415.50
422.15
1982
8,162.00
$463.73
$408.10
[2]
27.05
By amendment to his answer in docket No. 34504-84 (for the years 1980 and 1981), respondent pleaded in the alternative, that in the event that additions to tax for fraud were disapproved for 1980 and 1981, there should be additions to tax for those years as follow: Year
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
1980
$1,383.51
$281.55
1981
1,521.50
341.55
50% of interest
on $6,086
*224 In his answer filed herein in docket No. 3805-85 (for the year 1982), respondent affirmatively pleaded for additions to tax for fraud for the year 1982, and asked for additions to tax under section 6653(b)(1) of $4,081, and of 50 percent of the interest due on $8,162, under section 6653(b)(2). At the time of trial herein, petitioner conceded in full the correctness of respondent's original determinations with regard to the years 1980 and 1981, except for the fraud addition. Without conceding the correctness of respondent's determinations for the year 1982, petitioner's counsel announced that no evidence with respect to such determinations would be presented except as to the fraud issue, thus, in effect, defaulting with respect to such other issues.The addition under section 6653(b) remains the principal issue to be resolved in this case. [3]
*225 FINDINGS OF FACT Some of the facts herein were stipulated by the parties (as corrected and amplified at trial), and such stipulations of fact, together with attached exhibits, are incorporated herein by this reference. At the time his petition herein was filed, petitioner was a resident of Jamaica, New York. Petitioner filed no income tax returns for the years 1980 and 1981. For the year 1982, petitioner, on or about May 19, 1983, filed a Form 1040 with respondent. Such form, after disclosing petitioner's name and social security number, and an address given as "c/o Finance Director, Order of St. Matthew, 2090 Merrick Avenue, Merrick, New York 11566," disclosed that petitioner was filing as a single person, disclosed wages of $33,472.51 and then excluded the same amount from income as "wages nontaxable by reason of taxpayer being agent of Religious Order." The form thus disclosed adjusted gross income of zero. The form gave no other or further information with regard to petitioner's income, deductions or personal exemptions, but showed the entire amount of income tax and social security tax withheld, in the total amount of $8,477.89, as an overpayment of tax, and requested *226 that the entire amount be refunded. For the years 1980, 1981 and 1982, as well as well as for a number of years prior thereto, petitioner was employed in the capacity of train operator by the New York City Transit Authority. There was no contract or other agreement between the New York City Transit Authority and any church or religious organization regarding petitioner's services. The New York City Transit Authority did not negotiate with any church or religious organization regarding petitioner's services. Petitioner's duties with the New York City Transit Authority during the years in question did not involve any religious duties. Petitioner's duties with the New York City Transit Authority were the same throughout the entire period in issue. Petitioner performed his services for the New York City Transit Authority during the period in question in his individual capacity. The wages paid to petitioner by the New York City Transit Authority for his services were paid directly to him, with no restrictions by the transit authority with respect to the use of such wages. For the year 1982, petitioner received gross wages from the New York City Transit Authority in the amount of *227 $33,472.51. Under date of August 30, 1979, petitioner filed an "Employee's Withholding Allowance Certificate" (Form W-4) with his employer, the New York City Transit Authority.The certificate stated on its face: "This certificate is for income tax withholding purposes only; it will remain in effect until you change it." In this form, petitioner claimed 50 "allowances," or personal exemptions, at the rate of $1,000 each. The purpose of filing the form with the New York City Transit Authority was to induce petitioner's employer to compute petitioner's income tax withholding on his wages pursuant to an allowance of 50 personal exemptions. Such form remained in effect with petitioner's employer at least until May 1982, when the Internal Revenue Service notified the New York City Transit Authority to ignore this withholding certificate and withhold tax from petitioner's wages on the basis of one personal exemption. In 1983 and 1984, petitioner filed new and different Forms W-4 with the New York City Transit Authority, in which pejtitioner claimed to be "exempt" from the requirement of withholding tax on his wages. For years 1980 and 1981, petitioner, apparently in response to an inquiry *228 by the Internal Revenue Service, indicated by letter that his total income for the years in question was less than the amount required for filing an income tax return. There was an underpayment of tax for each of the years 1980, 1981 and 1982, all of which was due to fraud by petitioner. OPINION For all the years here in issue, section 6653(b) provided, in relevant part: "If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment." In addition, with respect to petitioner's calendar year 1982, a new section 6653(b)(2) provides as follows: (2) Additional Amount For Portion Attributable To Fraud. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to fraud, and (B) for the period beginning on the last day prescribed by law for payment of such underpayment * * * and ending on the date of the assessment of the tax * * *. For purposes of section *229 6653(b), fraud is the intentional commission of an act or acts with the specific purpose of evading a tax believed to be owing. See Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; McGee v. Commissioner,61 T.C. 249 (1973), affd. 519 F.2d 1121 (5th Cir. 1975); Strachan v. Commissioner,48 T.C. 335 (1967). The existence of fraud is a question of fact to be determined from the entire record. Grosshandler v. Commissioner,75 T.C. 1 (1980); Stratton v. Commissioner,54 T.C. 255 (1970). The burden of proof rests on respondent, and he must meet that burden with clear and convincing evidence. Sec. 7454(a); Rule 142(b); See Cefalu v. Commissioner,276 F.2d 122 (5th Cir. 1960), affg. a Memorandum Opinion of this Court; Imburgia v. Commissioner,22 T.C. 1002 (1954). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85 (1970). Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492 (1943); *230 Rowlee v. Commissioner,80 T.C. 1111 (1983); Gajewski v. Commissioner,67 T.C. 181 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). The mere failure to file a return, without more, is not proof of fraud but may be considered in connection with other facts. Kotmair v. Commissioner, 86 T.C.     (June 19, 1986); Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968). Fraud may be properly inferred where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213 (1971). In addition to the necessary fraudulent intent, respondent must show that there was an underpayment of tax in each year. Shaw v. Commissioner,27 T.C. 561 (1956), affd. 252 F.2d 681 (6th Cir. 1958); Stone v. Commissioner,supra.
Applying the above principles to the facts of the instant case, we conclude that respondent has carried his necessary burden of proof to establish petitioner's liability for fraud in each of the years before us. The fact of underpayments *231 of tax in each of the years 1980 and 1981 is established by petitioner's concession, in open court, of the deficiencies of tax for those years. The fact of an underpayment of tax for the year 1982, although not expressly conceded by petitioner, is established by petitioner's receipt of the wages which we have found, his failure to report any tax with respect thereto, and his failure to offer any evidence which would lead to a contrary conclusion. The fact of petitioner's fraudulent intent is satisfactorily established by petitioner's filing of a false and misleading Form W-4, which, as we have found, claimed 50 exemptions and was in effect for all the years before us. We find petitioner's claim of 50 withholding allowances or exemptions to be inherently incredible, particularly in the absence of any evidence which would support such an outrageous claim. The filing of a false withholding certificate will support a finding of fraud. See Stephenson v. Commissioner,79 T.C. 995 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Scholle v. Commissioner,T.C. Memo. 1982-267. No evidence at all was presented at trial to substantiate the claim *232 made by petitioner in the Form 1040 filed for 1982 that petitioner was a member of some religious order and thus was not taxable upon his wage income. Indeed, although respondent sought petitioner's attendance at trial by subpoena, petitioner apparently evaded the service of process and failed to appear; his counsel disclaimed all knowledge of his whereabouts. There is simply nothing in this record to demonstrate that petitioner had any legitimate and bona fide belief that he was not taxable on his wages, paid directly to him without restriction as a train operator for the New York City Transit Authority, or that he thought it was proper for him to defeat the withholding of income tax from his wage income by filing a preposterous W-4 Form claiming 50 personal exemptions. We accordingly sustain respondent's position that additions to tax for fraud, in accordance with respondent's statutory notice in docket No. 34504-84, and in accordance with respondent's answer in docket No. 3805-85, should be sustained. As to the remaining proposed addition to tax under section 6654(a), petitioner conceded such additions as to the years 1980 and 1981 at the time of trial herein. As to such *233 addition for the year 1982, as contained in respondent's statutory notice, the burden of proof with respect to such addition was upon petitioner, Grosshandler v. Commissioner,75 T.C. 1 (1980); he failed to introduce to any evidence with respect thereto, and respondent's additions under section 6654 for all three years is accordingly approved. To give effect to the elimination of the proposed additions to tax under sections 6651 and 6653, Decisions will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. Fifty percent of the interest due on $8,162.↩
3. Respondent, of course, has the burden of proof with respect to the fraud issue for all years. Sec. 7454(a); Rule 142(b). With respect to proposed additions to tax for the years 1980 and 1981 under sections 6651 and 6653(a), respondent also has the burden of proof with respect to such proposed additions, since they were pleaded in the alternative by respondent in his amended answer herein. Rule 142(a). With respect to the proposed additions under sections 6651(a) and 6653(a) for the year 1982, such proposed additions were contained in respondent's original notice of deficiency, and normally petitioner would have had the burden of proof with respect to them. Rule 142(a). In his answer filed herein with respect to the year 1982, however, respondent affirmatively pleaded for additions to tax for fraud under section 6653(b). Such pleading, which was not in the alternative, effectively eliminates respondent's determinations of additions to tax for the years 1982 under sections 6651(a)(1), 6653(a)(1) and 6653(a)(2). See sections 6653(b)(3) and 6653(d). Respondent's determination of additions to tax under section 6654(a), in accordance with the original notice of deficiency, remain undisturbed by respondent's pleadings, and the burden of proof with respect thereto remained upon petitioner. Rule 142(a).↩