THOMAS W. REED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reed v. Commissioner
Docket No. 23620-82.
United States Tax Court
T.C. Memo 1984-550; 1984 Tax Ct. Memo LEXIS 124; 48 T.C.M. (CCH) 1397; T.C.M. (RIA) 84550; October 15, 1984. Thomas W. Reed, pro se. Theodore Garelis, for the respondent. PETERSON MEMORANDUM FINDINGS OF FACT AND OPINION PETERSON, Special Trial Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) and (d), [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax for the taxable years 1972, 1973, 1974 and 1975 as follows: Additions to Tax
I.R.C. 1954)
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1972
$1,942
$971
$34
1973
3
1,062
1974
5
1,236
1975
1,123
*126 The issues for decision are (1) whether petitioner received unreported gross income in 1972, 1973 and 1974 as determined by respondent; (2) whether petitioner is liable for the addition to tax for fraud under section 6653(b) for 1972, 1973, 1974 and 1975; (3) whether petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654 for 1975; and (4) whether the statute of limitations bars the assessment and collection of the deficiency in income tax and addition to tax due from petitioner for the year 1972. Some of the facts have been stipulated and are found accordingly. Petitioner resided in Victor, California at the time he filed his petition in this case. Petitioner was employed by American Airlines as an airplane mechanic from 1956 through the years in issue. Petitioner filed a timely Federal income tax return as unmarried head of household for 1969 and timely joint Federal income tax returns with his spouse Elyse Reed for 1970 and 1971. Petitioner filed no Form 1040 for 1972. In April 1979 petitioner was convicted of willful failure to file income tax returns for the years 1973 through 1975 in violation of section 7203. On September 3, 1980, the *127 conviction was affirmed by the Ninth Circuit Court of Appeals. On June 26, 1979, petitioner filed Federal income tax returns for 1973, 1974 and 1975 as an unmarried head of household. From 1969 through 1975 petitioner was the father of three dependent children, Walter, Virginia and Melissa. Petitioner's children were his only dependents for 1969 and 1973 through 1975. His children were his and his spouse's only dependents for 1970 and 1971. Prior to the 1979 filing of the above-referred to returns for 1973, 1974 and 1975, petitioner filed Forms 1040 for the years 1973 through 1976 containing no information other than his name, address, social security number, signature and various statements that petitioner was filing the forms under protest and asserting the Fourth and Fifth Amendment privileges as his reason for not providing the information requested on the forms. Petitioner filed no Form 1040 for 1972. Subsequently, petitioner filed Forms 1040X for the years 1972 through 1974 containing only his signature and statements asserting the Fourth and Fifth Amendment privileges and asserting that Federal Reserve Notes are not legal tender and cannot be legally taxed. *128 Petitioner also submitted, as an attachment to the forms, microfiche copies of voluminous material explaining petitioner's constitutional objections. Neither the Forms 1040, 1040X, or attachments contained any information on which petitioner's tax liability could be determined. On May 24, 1972, and November 21, 1974, petitioner submitted Forms W-4, Employee's Withholding Allowance Certificates, to his employer claiming 25 and 31 withholding exemptions, respectively. The forms contained the statement "I certify that the number of withholding exemptions claimed on this certificate does not exceed the number of which I am entitled." A line was drawn through the statement and the certificate was signed by petitioner. At trial petitioner presented no exculpatory evidence. His testimony consisted solely of argumentative statements intended only to delay the proceedings. The first issue for decision is whether petitioner is liable for the deficiencies determined by the Commissioner. Respondent's determination with respect to the deficiencies is presumed to be correct and petitioner has the burden of proof to establish that the determination is incorrect. Rule 142(a); *129 Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111, 115 (1933). At trial petitioner presented no evidence to disprove the Commissioner's determinations. Accordingly, the Commissioner's determinations are sustained. The second issue for decision is whether petitioner is liable for the additions to tax for fraud for 1972, 1973, 1974 and 1975. Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner bears the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Stratton v. Commissioner,54 T.C. 255, 284 (1970). The existence of fraud is to be determined from consideration of all the facts and circumstances. Stratton v. Commissioner,supra.Respondent must show that the taxpayer intended to commit fraud, which has been described as an "intentional wrong-doing * * * motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); *130 Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. The elements to be shown are (1) an underpayment of tax, and (2) that some part of this underpayment was due to fraud. Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972), affg. a Memorandum Opinion of this Court. Section 6653(c) defines an underpayment as a deficiency as defined in section 6211 except that the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account only if such return was filed on or before the last day prescribed for filing such return. Petitioner did not file a return for 1972. Petitioner's returns for 1973, 1974 and 1975 were not filed until 1979. Thus, the underpayment consists of petitioner's entire tax liability as determined by respondent. Accordingly, we find that he underpaid his taxes for the years 1972, 1973, 1974 and 1975 in the amounts of $1,942, $2,123, $2,472 and $2,245, respectively. As to the year 1972 we have not relied on petitioner's failure to meet his burden of proving error in respondent's determination as to the underlying deficiency. We must now determine *131 whether any part of such underpayments were due to fraud. With regard to 1973, 1974 and 1975 petitioner is collaterally estopped by his criminal conviction under section 7203 from denying that he willfully failed to file returns for such years. Tomlinson v. Lefkowitz,334 F.2d 262, 266 (5th Cir. 1964); Strachan v. Commissioner,48 T.C. 335, 339 (1967); Amos v. Commissioner,43 T.C. 50, 56 (1964), affd. 360 F.2d 358 (4th Cir. 1965). See Michalowski v. Commissioner,T.C. Memo. 1976-192, affd. in an unpublished opinion (1st Cir. 1977). With respect to 1972 petitioner did not introduce any document purporting to be a return for that year. Petitioner did, however, file a Form 1040X on which he refused to report any income or tax relying principally on the Fourth and Fifth Amendments and his claim that his income for the year was received in "unlawful federal reserve notes." A document which does not disclose any information as to a taxpayer's income and deductions does not constitute a valid return within the meaning of section 6012. United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970); *132 Cupp v. Commissioner,65 T.C. 68, 79-80 (1975), affd. by unpublished opinion 559 F.2d 1207 (3d Cir. 1977). Also see Beard v. Commissioner,82 T.C. 766 (1984). For 1973, 1974 and 1975, the district court found that petitioner willfully failed to file returns. For 1972, he had sufficient income to require the filing of a return, and he was aware of his obligation to file such a return. While even willful failure to file timely returns, without more, does not establish fraud within the meaning of section 6653(b), such failure may be considered in connection with other facts in determining whether any deficiency or underpayment of tax is due to fraud. Stoltzfus v. United States,supra at 1005; Beaver v. Commissioner,55 T.C. 85, 93 (1970). Petitioner submitted Forms W-4 to his employer for 1972 and 1974 falsely claiming exemptions far in excess of the number to which he was entitled. Such Forms W-4 are evidence of fraudulent intent. Habersham-Bey v. Commissioner,78 T.C. 304, 313 (1982). Petitioner had paid taxes in prior years, thus he must have known that he was *133 required to pay Federal income tax. By signing the form claiming exemptions far in excess of the number of which he was entitled, petitioner knowingly gave false information to the Federal Government. Petitioner knew of his obligation to file returns and pay taxes; yet he deliberately chose to ignore his responsibilities. Petitioner's fraud is not vitiated merely because it may have been motivated by a political belief that the law is wrong or by an unreasonable belief that particular tax statutes are unconstitutional. Freedom of expression does not include the right to defraud the Government. See United States v. Moore,627 F.2d 830 (7th Cir. 1980); United States v. Malinowski,472 F.2d 850 (3d Cir. 1973); Rowlee v. Commissioner,80 T.C. 1111, 1125 (1983); Habersham-Bey v. Commissioner,supra at 313-314. Furthermore, the case is distinguishable from raley v. Commissioner,676 F.2d 980 (3d Cir. 1982), revg. on this issue T.C. Memo. 1980-571. As noted in Hebrank v. Commissioner,81 T.C. 640, 643 (1983), the petitioner in Raley "went out of his way *134 to inform every person involved in the collection process that he was not going to pay any federal income taxes." Absent such a pattern of notification, raley does not bar a finding of fraud in this case. See Hebrank v. Commissioner,supra.
Petitioner's criminal conviction under section 7203 combined with his false withholding statements, inadequate returns and consistent pattern of failing to report his income as required by law convince us that the Commissioner has proved by clear and convincing evidence that petitioner fraudulently underpaid his taxes for 1972, 1973, 1974 and 1975. Next, we must consider the issue of whether petitioner is liable for the addition to tax under section 6654 for failure to make timely estimated tax payments for the year 1972. The addition to tax under section 6654 is mandatory unless petitioner is within one of the computational exceptions of section 6654(d). Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Extenuating circumstances are irrelevant. Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960). Petitioner did not make any estimated payments for 1972, nor were taxes *135 withheld from his wages. Petitioner has not otherwise shown that he is within one ofthe enumerated exceptions of section 6654(d). On the basis of this record, respondent's determination as to the additions to tax under section 6654 must be sustained. Finally, our finding that petitioner has failed to file a valid return for the year 1972 disposes of his claim that the statute of limitations bars the assessment and collection of the deficiency in income tax and addition to tax for that year. Since no return has been filed, the tax may be assessed "at any time." Section 6501(c)(3). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩