JAMES B. SMITH and JEAN T. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 3952-78.
United States Tax Court
T.C. Memo 1985-167; 1985 Tax Ct. Memo LEXIS 465; 49 T.C.M. (CCH) 1144; T.C.M. (RIA) 85167; April 3, 1985. James B. Smith, pro se. Ronald J. Gardner, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The commissioner determined deficiencies in petitioners' Federal income tax for the taxable years and *466 additions to tax under section 6653(b) [1] in separate statutory notices of deficiencies, as follows: James B. Smith
Taxable Year
Deficiency
Sec. 6653(b)
1971
$621.81
$466.00
1972
1,151.64
630.50
1973
1,335.08
774.50
Jean T. Smith
Taxable Year
Deficiency
Sec. 6653(b)
1971
$110.00
$99.50
1972
231.00
115.50
1973
120.00
60.00
The issues for decision are: (1) whether petitioners earned income during the taxable years 1971, 1972, and 1973 in the amounts set forth in their separate notices of deficiency; (2) whether petitioners are liable for the additions to tax under section 6653(b) for fraud; and (3) whether petitioners are liable for damages under section 6673. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and accompanying exhibits are so found and incorporated herein by reference. James B. Smith and Jean T. Smith (Mr. Smith or Mrs. Smith or, collectively, petitioners) were *467 residents of the State of Idaho at the time the petition in this case was filed. Petitioners filed Federal income tax returns for the taxable years 1969 and 1970. Petitioners did not file Federal income tax returns for the taxable years at issue: 1971, 1972, and 1973. Mr. and Mrs. Smith each filed a Form W-4, Employee's Withholding Exemption Certificate, dated May 26, 1971, claiming 10 exemptions for dependents. Petitioners were entitled to claim no more than two exemptions during the taxable years at issue. Mr. Smith was convicted on August 31, 1972, of filing a false Form W-4, Employee's Withholding Exemption Certificate, in violation of section 7205. Mrs. Smith was convicted on June 18, 1974, of filing a false Form W-4, Employee's Withholding Exemption Certificate, in violation of section 7205. Petitioners were both convicted on June 8, 1976, of willfully failing to file income tax returns for the taxable years 1971, 1972, and 1973 (the taxable years at issue in this case), a violation of section 7203. Mr. Smith was employed by Carpenter Paper Co. during the taxable years at issue, and received compensation in the amounts of $6,502.08, $8,265.14, and $9,411.92 for the *468 taxable years 1971, 1972, and 1973, respectively. Mrs. Smith was employed by Swiss Boy during the taxable years at issue, and received compensation in the amounts of $2,316.05, $2,688.45, and $1,872.19 for the taxable years 1971, 1972, and 1973, respectively. On January 30, 1978, petitioners each received a statutory notice of deficiency for the taxable years 1971, 1972, and 1973. The Commissioner determined that each of the petitioners failed to report the income received for each of the three taxable years, that each petitioner underpaid their Federal income tax, and that the underpayments were due to fraud. OPINION The Commissioner's determination in his statutory notice of deficiency is presumptively correct, and petitioners have the burden of disproving each individual adjustment. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners earned income during each of the taxable years at issue, and presented no evidence in support of any deductions or credits against that income. The Commissioner's determination of deficiencies is sustained. Rule 142(a). The next issue for decision is whether petitioners are liable for the additions to tax *469 under section 6653(b) for fraud. The burden of proving fraud is on respondent, and he must do so by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Stone v. Commissioner,56 T.C. 213, 220 (1971). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes, and that there is an underpayment of tax. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Acker v. Commissioner,26 T.C. 107, 112 (1956). When fraud is determined, as in the instant case, for more than one taxable year, respondent must show that some part of an underpayment was due to fraud for each taxable year for the corresponding addition to tax to be upheld. Professional Services v. Comissioner,79 T.C. 888, 930 (1982); Nicholas v. Commissioner,70 T.C. 1057, 1065 (1978); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The existence of fraud is a question of fact *470 to be resolved upon consideration of the entire record. Rowlee v. Commissioner,supra at 1123; Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. Stephenson v. Commissioner,79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Gajewski v. Commissioner,supra at 200. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Spies v. United States,317 U.S. 492 (1943); Gajewski v. Commissioner,supra at 200; Stone v. Commissioner,supra at 223-224. Respondent has affirmatively shown numerous indicia of fraud. Petitioners did not file Federal income tax returns for the taxable years 1971, 1972, and 1973. While the failure to file tax returns, even over an extended period of time, does not per se establish *471 fraud, Grosshandler v. Commissioner,75 T.C. 1, 19 (1980), the failure to file returns is persuasive circumstantial evidence of fraud. Marsellus v. Commissioner,544 F.2d 883, 885 (5th Cir. 1977); Stoltzfus v. United States,supra at 1005. Further, when petitioners' failure to file returns for these taxable years is viewed in light of their previous filing of Federal income tax returns for the taxable years 1969 and 1970, petitioners' inaction weighs heavily against them. Further, with regard to the taxable years at issue, petitioners are collaterally estopped by their criminal convictions under section 7203 from denying that they willfully failed to file returns for the taxable years 1971, 1972, and 1973. Castillo v. Commissioner, 84 T.C.     (Mar. 13, 1985). See Tomlinson v. Lefkowitz,334 F.2d 262, 266 (5th Cir. 1964); Strachan v. Commissioner,48 T.C. 335, 339 (1967); Amos v. Commissioner,43 T.C. 50, 56 (1964), affd. 360 F.2d 358 (4th Cir. 1965). Petitioners also filed false W-4 Forms to reduce or stop the withholding of Federal income taxes from *472 their wages during the taxable years at issue. Such activities are indicative of an attempt to evade the payment of income taxes. Rowlee v. Commissioner,supra at 1125; Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). Where a taxpayer's failure to file is predicated on totally frivolous arguments, and where respondent has shown substantial amounts of unreported income on which withholding has been reduced or prevented by the submission of false W-4 certificates, we have repeatedly held that fraud has been established by clear and convincing evidence justifying the addition to tax under section 6653(b). See, e.g., Rowlee v. Commissioner,supra at 1123-1126; see also Hebrank v. Commissioner,81 T.C. 640 (1983); Stephenson v. Commissioner,79 T.C. at 1007; Habersham-Bey v. Commissioner,supra at 313-314. We reach the same conclusion in this case. Accordingly, the Commissioner's determination that petitioners are liable for the additions to tax under section 6653(b) is sustained. In closing, petitioners' rationale for the nonpayment of Federal income tax *473 for the taxable years at issue is based upon nothing more than the usual, frivolous "protester" arguments. Petitioners continued to assert variations on this theme, in their pleadings and at trial, by claiming the right to a trial by jury, and contesting the jurisdiction of the Tax Court under Article III of the Constitution, despite an earlier opinion in this case holding for respondent on a motion for partial summary judgment on all such arguments then before the Court. [2] These arguments have been rejected repeatedly, and do not merit discussion here. McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); Rowlee v. Commissioner,supra at 1114; Swanson v. Commissioner,65 T.C. 1180 (1976). Cases based upon such contentions are burdensome both on this Court and to society as a whole. Abrams v. Commissioner,82 T.C. 403 (1984). The time spent on this case has delayed other cases of merit. On respondent's motion, and finding petitioners' *474 positions to be frivolous and groundless, we award damages under section 6673 [3] of $2,500 against Mr. Smith and $2,500 against Mrs. Smith. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all rule references are to this Court's Rules of Practice and Procedure.↩
2. Smith v. Commissioner,T.C. Memo. 1979-51↩.
3. SEC. 6673 DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as part of the tax.↩